[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 24, 2012
JOHN LEY
CLERK

No. 11-13343
Non-Argument Calendar
_____

D.C. Docket No. 4:11-cr-00009-RH-WCS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RANDALL TODD SEALS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 24, 2012)

Before TJOFLAT, CARNES and WILSON, Circuit Judges

PER CURIAM:

Pursuant to a plea agreement, Randall Todd Seals pled guilty to both counts of an indictment—Count One, possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); Count Two, possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2)—and the district court sentenced him to concurrent prison terms of 78 months. He now appeals his sentences, contending that, in fixing the Guidelines sentence range for the Count Two offense under U.S.S.G. § 2K2.1, the district court erred in enhancing the base offense level of 20 by 4 levels pursuant the U.S.S.G. § 2K2.1(b)(6)[1] since he "possessed [the] knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense," i.e., the Count One offense.[2] The court invoked the enhancement because, as the presentence report stated and the court found, "the cocaine [involved in the Count One offense] and firearm were found in close proximity to each other, both located in safes adjacent to one another and stored underneath the defendant's bed."

Seals argues that the district court erred in making the enhancement

---

[1] Section 2K2.1(b)(6) is a Specific Offense Characteristic of the Count Two offense.

[2] The district court grouped the Counts One and Two offenses for the purpose of calculating the sentence range under the Guidelines. Because the guidelines for the Count Two offense called for a higher total offense level than the guidelines for the Count One offense, the former governed. The total offense level for Count Two coupled with a criminal history category of VI prescribed a term of imprisonment of between 77 and 96 months on both counts. Seals's sentence is at the low end of that sentence range.

because, according to him, the firearm was not close enough in terms of effort and time to be considered immediately accessible for the purposes of drug trafficking. He also argues that the Government failed to introduce any evidence showing his ability to gain immediate access to both safes. We are not persuaded.

The precise question for us is whether the evidence before the district court was sufficient to enable the court to find that Seals possessed the firearm with "knowledge, intent, or reason to believe that it would be used or possessed" in connection with his commission of the Count One offense—the possession of cocaine with intent to distribute. The evidence showed that the gun was contained in a safe approximately one foot away from the safe containing the cocaine and that Seals had access to both safes during the search of his home. Drawing on this evidence, the court found as fact that Seals had immediate access to the weapon and how he might be able to use the gun during the drug deal he anticipated making.[3]

AFFIRMED.

---

[3] That he anticipated selling the cocaine contained in one of the safes was established by Seals's plea of guilty to Count One.